IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| DEATRIK BLEDSOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SOUTHWEST AIRLINES CO., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff DEATRIK BLEDSOE (hereinafter referred to as "BLEDSOE") and for his complaint against the Defendant SOUTHWEST AIRLINES CO. (hereinafter referred to as "SOUTHWEST") states:

### COUNT I -
### Title VII of the Civil Rights Act of 1964,
### as amended by the Civil Rights Act of 1991

1. This action is brought for damages sustained by BLEDSOE by reason of SOUTHWEST's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, BLEDSOE was and is a citizen of the United States, is a resident of the Northern District of Illinois, and is African American.

3. At all times relevant hereto, SOUTHWEST was a corporation organized and existing under the laws of the State of Texas with its principal place of business at 2702 Love Field Drive, Dallas, Texas 75235.

1

4. At all times relevant hereto, SOUTHWEST was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1343 and 1331.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since a portion of the complained of conduct occurred in this District and BLEDSOE was stationed at Midway Airport in Chicago, Illinois.

7. On or about February 25, 2000, BLEDSOE was hired by SOUTHWEST to the position of Flight Attendant and was stationed at Midway Airport in Chicago, Illinois.

8. Up until October, 2023, BLEDSOE received favorable reviews and accolades from his superiors at SOUTHWEST and was never disciplined.

9. At all times relevant hereto, it was the policy of SOUTHWEST not to discriminate against an employee on the basis of his or her race.

10. Nevertheless, commencing in October, 2023, BLEDSOE was discriminated against by SOUTHWEST because of his race.

11. Specifically, on or about October 12, 2023, BLEDSOE left Chicago to go to Jackson, Mississippi for his university homecoming at Jackson State University.

12. After attending the homegoing, BLEDSOE was scheduled to return to Chicago on October 16, 2023.

13. His flight on that date was scheduled to leave Mississippi at 1:30 p.m.

14. On that date, BLEDSOE was not working a shift for SOUTHWEST, but was merely a passenger.

15. Even though he was on his off time, when he arrived at the gate, he was detained by SOUTHWEST employees because they claimed he appeared to be intoxicated.

16. BLEDSOE was taken behind the ticket counter and given a breathalyzer test.

17. Even though he was not working and had no alcoholic drinks that day, BLEDSOE complied and performed the test.

18. SOUTHWEST employees took his identification and told him to leave the airport.

19. Even though BLEDSOE did not have an alcohol problem, upon his return to Chicago, he enrolled in an alcohol treatment program at Rosecrance in Rockford, Illinois which he completed in November, 2023.

20. While he successfully completed the treatment program, in January 2024, BLEDSOE was advised by SOUTHWEST that he was terminated.

21. At the time in question, SOUTHWEST had a Return to Cabin Program in which all employees could come back to work after successfully completing a program such as the one that BLEDSOE did at Rosecrance.

22. The name of this program was subsequently changed to the Recovery Support Return to Cabin Program.

23. Despite that (i) BLEDSOE had completed the treatment program at Rosecrance and (ii) flight attendants who signed up for the Return to Cabin Program were allowed to resume their careers, SOUTHWEST discriminated against him because of his race in refusing to allow him to return to his position.

24. In July 2024, Tom Spillers (Caucasian), Chairman of the Flight Attendant Alcohol and Drug Program for SOUTHWEST, advised BLEDSOE that he was not going to be offered the Return to Cabin Program allegedly because of his poor work history.

25. The reason offered by Mr. Spillers was nothing more than a pretext for SOUTHWEST's discrimination against him because of his race by failing to allow him to enter the Return to Cabin Program and, therefore, resume his career with SOUTHWEST.

26. Moreover, BLEDSOE's work performance had nothing to do with SOUTHWEST's failure to provide him access to the Return to Cabin Program which it provided to Caucasian employees.

27. Rather, SOUTHWEST's decision not to allow BLEDSOE to enter the program and, therefore, resume his career as a flight attendant was based on his race since his work performance was not such that would warrant his termination.

28. SOUTHWEST has, therefore, discriminated against BLEDSOE on the basis of his race in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

29. On August 7, 2024, the Equal Employment Opportunity Commission received BLEDSOE's charge of discrimination.

30. On February 25, 2025, the Equal Employment Opportunity Commission issued BLEDSOE a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

31. Less than ninety days have expired since BLEDSOE' receipt of the notice of right to sue.

32. SOUTHWEST's violation of BLEDSOE's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 has caused BLEDSOE pecuniary damages.

WHEREFORE, the Plaintiff DEATRIK BLEDSOE requests that this Court enter judgment in his favor and against the Defendant SOUTHWEST AIRLINES CO. as follows:

a. Enjoining SOUTHWEST from engaging in such unlawful employment practices as alleged in this complaint;

b. Reinstating BLEDSOE to his position at SOUTHWEST at the rate of pay comparable to what he would have been receiving if not for the civil rights violations committed against his by SOUTHWEST;

c. Making BLEDSOE whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by SOUTHWEST;

d. Alternatively, in the event that SOUTHWEST is unwilling to reinstate BLEDSOE, BLEDSOE be awarded front pay;

e. Awarding BLEDSOE compensatory and punitive damages in an amount authorized under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

f. Awarding BLEDSOE attorney's fees, costs and prejudgment interest; and

  g.  Awarding BLEDSOE such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

                   Respectfully submitted,

                   /s/ Joel F. Handler
                   Joel F. Handler (#1115812)
                   One E. Wacker Drive, Suite 3800
                   Chicago, Illinois 60601
                   (312) 832-0008
                   jhandler@handlerlawgroup.com
                   Attorney for the Plaintiff,
                   DEATRIK BLEDSOE